UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINQUE ABDULLAH,<br><br>         Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, BLAKE WILLIAMS, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 18cv1634 DMS (MSB)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

  This case comes before the Court on Defendant's motion for partial reconsideration or, in the alternative, for certification for interlocutory appeal, of this Court's March 4, 2021 Order denying Defendant's motion for summary judgment. Specifically, Defendant seeks reconsideration of the Court's denial of Defendant's motion on the issue of equitable tolling of the statute of limitations.[1] Plaintiff filed an opposition to the motion, and Defendant filed a reply. After the motion was submitted, the Court set the matter for hearing and heard argument from counsel. After hearing those arguments, the Court now

---

[1] The only other issue in the Court's Order was qualified immunity, on which Defendant has already filed an appeal. (*See* ECF No. 89.)

1

grants the motion for reconsideration, and on reconsideration, grants Defendant's motion for summary judgment.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Defendant relies on the "clear error" prong. To warrant reconsideration under this prong, Defendant must show there is a "definite and firm conviction that a mistake has been committed[.]" *Latman v. Burdette*, 366 F.3d 774, 781 (9th Cir. 2004) (citing *In re Banks*, 263 F.3d 862, 869 (9th Cir. 2001)).

Defendant argues the Court committed clear error in several respects. First, he asserts the Court clearly erred when it found that an Internal Affairs ("IA") Complaint could serve as the basis for equitable tolling. The Court disagrees with this interpretation of the Order. Contrary to Defendant's suggestion, the Court did not find that an IA complaint, standing alone, was sufficient to warrant equitable tolling. Rather, the Court simply found that Plaintiff's IA Complaint satisfied the notice requirement for equitable tolling.

Nevertheless, Defendant cites a handful of cases to support his argument that an IA complaint is insufficient to justify equitable tolling. *See Ucci v. LAPD*, No. 2:15-cv-08386-CAS-KES, 2020 WL 1032359 (C.D. Cal. Jan. 7, 2020); *Hendrix v. Rohan*, No. 2:13-cv-01527-JAD-CWH, 2019 WL 1083568 (D. Nev. Mar. 7, 2019); *Ahearn v. Redondo Beach Police Dept.*, No. CV 07-1452-AHS (RNB), 2008 WL 638354 (C.D. Cal. Mar. 5, 2008); *Panaro v. City of North Las Vegas*, 432 F.3d 949 (9th Cir. 2005). All of these cases were decided before the Court issued its Order, but Defendant failed to cite any of them in his numerous briefs to the Court. Most of these case are distinguishable from this case. *Ahearn* is distinguishable because it deals with claims under California's Government Claims Act, not a claim under § 1983. *Hendrix* is distinguishable as it deals with equitable tolling under Nevada law, not California law. *Panaro* is also distinguishable as it deals with the

exhaustion requirement under the Prison Litigation Reform Act, not equitable tolling under California law. One case, however, does address the issue raised here. *See Ucci*, 2020 WL 1032359. In that case, the court declined to apply equitable tolling to the filing of an IA complaint, finding the plaintiff failed to act reasonably when he delayed filing suit "because he was ostensibly waiting for the LAPD to investigate his IAG Complaint." *Id.* at *14. The court gave four reasons for that finding. First, it effectively found the plaintiff had no reasonable basis to expect "the LAPD's internal affairs group to resolve his complaints favorably." *Id.* Second, the court found that "in pursuing his IAG Complaint, Plaintiff was not pursuing an administrative remedy that was a legal prerequisite to filing suit, like exhaustion under the Prison Litigation Reform Act or a written tort claim under the [California Tort Claims Act]." *Id.* at *15. Third, the court stated it was unable to locate "any case awarding equitable tolling based on a telephonic complaint." *Id.* And finally, the court stated "Plaintiff did not need information from the LAPD to pursue his claims." *Id.*

*Ucci* gives this Court pause as to whether an IA complaint warrants equitable tolling. *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 105 (2008), also raises questions about whether the IA process affords the benefits that justify equitable tolling, namely, whether the IA process provides the complaining party with any remedy or relief that would "lessen the harm that is the subject of a potential second action[.]" *Id.* at 100. *But see Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2016 WL 1639372, at *9 (N.D. Cal. Apr. 26, 2016) (finding equitable tolling could apply to the filing of an IA complaint). This Court need not resolve the issue, however, as Plaintiff has not met his burden on the third element of equitable tolling, as discussed below.

To meet this third element, Plaintiff must prove that his conduct was reasonable and in good faith. In a recent case, the California Supreme Court held this element of equitable tolling "encompass[es] two distinct requirements: A plaintiff's conduct must be objectively reasonable and subjectively in good faith." *Saint Francis Memorial Hosp. v. State Department of Public Health*, 9 Cal. 5th 710, 729 (2020). "An analysis of

3

18cv1634 DMS (MSB)

reasonableness focuses not on a party's intentions or the motives behind a party's actions, but instead on whether that party's actions were fair, proper, and sensible in light of the circumstances." *Id.* "Good faith pivots instead on a party's intentions." *Id.* Or stated differently, good faith depends on whether the party's late filing "was the result of an honest mistake or was instead motivated by a dishonest purpose." *Id.*

Here, Plaintiff did not present any evidence to support a finding that his delayed filing of the Complaint was objectively reasonable. As set out in the Court's previous orders, the incident giving rise to this case occurred on August 16, 2014, and the Complaint was not filed until July 19, 2018, nearly four years later. Petitioner was entitled to statutory tolling while he was in custody awaiting trial on charges stemming from the underlying arrest, but even with that tolling his Complaint was filed more than eighteen months after the statute of limitations had expired. Plaintiff states that during his time in the San Diego County Jail and later in state prison, "I was not able to find an attorney to represent me for the incident involving Officer Blake Williams beating me." (Decl. of Dominique Abdullah in Supp. of Opp'n to Mot. for Summ. J. ¶15.) He also states, "I had limited ability to make telephone calls because the telephone calls were very expensive." (*Id.*) However, Defendant cites evidence that Plaintiff made 183 phone calls during his time in custody. (Decl. of Seetal Tejura in Supp. of Mot. for Summ. J. ¶10.) There is also no dispute that Plaintiff was able to file an IA Complaint in 2016 despite his incarceration. (Decl. of Dominique Abdullah in Supp. of Opp'n to Mot. to Dismiss ¶2.) Under these circumstances, the Court cannot say Plaintiff's eighteen-month delay in filing the present case was objectively reasonable.[2]

In the Order, the Court reached the opposite conclusion and effectively found that Plaintiff had met his burden to show reasonable and good faith conduct. That finding was in error, and on reconsideration, the Court reaches the opposite conclusion. With that

---

[2] In light of this finding, the Court declines to address whether Plaintiff acted in good faith.

conclusion, Plaintiff is not entitled to equitable tolling, and his Complaint is untimely. The Court therefore grants Defendant's motion for reconsideration and grants Defendant's motion for summary judgment. The Clerk of Court shall enter judgment accordingly, and close this case.

**IT IS SO ORDERED**.

Dated: June 23, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court